MINNEHAHA NATIONAL BANK OF SIOUX FALLS,
Plaintiff, v. TOOHEY, City Treasurer, Defendant.

(165 N. W. 540.)

(File No. 4309.    Opinion filed December 13, 1917.)

1.  Schools—School District Treasurer—School Moneys, Public Bond Purchase With, Warrant For, Bond Delivery As Condition—Mandamus.

Under Laws 1913, Ch. 119, Sec. 125, making city treasurer of Sioux Falls ex-officio treasurer of independent school district of the city, without liabilities or obligations other than those imposed on him as city treasurer, except such are are impliedly imposed on him as school treasurer, and Sec. 60, requiring city treasurer to furnish bond conditioned for faithful performance of official duties and payment of all moneys received by him according to law and city ordinances, held, that one manner of paying out money of the school district upon resolution of school board, is upon warrants regularly issued for a lawful purpose by the board; and it was his duty, when a warrant on him was drawn against the "bond interest and sinking fund" of the school district in payment for federal Liberty Bonds purchased by the board, to pay said warrant out of said fund, unless there is some provision of law requiring that the purchased bonds be deposited with him as a condition to such payment.

2.  Schools—Liberty Bond Purchase With School Funds—Deposit of Bonds With Treasurer, Whether Necessary.

While Laws 1913, Ch. 119, Sec. 130, empowers school board of city of Sioux Falls to buy, or to take and hold as collateral security, any public bonds authorized to be made the subject of loans by the city commission under Sec. 121, and it may use its sinking fund to make such purchase or loan, yet, there being no provision in either section requiring delivery of the bonds to city treasurer where purchase is made outright, such delivery, in case of purchase, is unnecessary; the provision in Sec. 121 concerning deposit with city treasurer, being confined to taking of such bonds as collateral security.

3.  Mandamus—Payment For Bonds By School District Treasurer—Refusal, On Ground of Public Interest—Costs, Whether Treasurer Taxable With.

Where defendant city treasurer, being ex-officio independent school district treasurer, declined on mandamus, to pay money

for Liberty Bonds purchased by the board, but acted in the interest of the public in so doing, costs will not be awarded against him.

Original proceedings in mandamus, by the Minnehaha National Bank of Sioux Falls, against John M. Toohey as treasurer of the City of Sioux Falls and ex officio treasurer of the independent school district of said city, to compel him to honor and pay a warrant of the school board of said district in payment for certain federal bonds. Peremptory writ issued.

*Aikens & Judge,* for Plaintiff.

*D. J. Conway,* for Defendant.

POLLEY, J. This original proceeding in mandamus is brought to compel the defendant, as treasurer of the independent school district of the city of Sioux Falls, to honor and pay a certain warrant issued by the school board of said school district in payment for certain government bonds known as "Liberty Bonds," and which bonds had theretofore been subscribed for by said school district.

It appears from the affidavit filed by plaintiff and upon which the application for a peremptory writ of mandamus is based that on the 8th day of November, 1917, the board of education of said school district, pursuant to a resolution theretofore adopted, issued to the plaintiff a warrant on the defendant in payment for said Liberty Bonds; that said warrant, on its face, was drawn against the "bond interest and sinking fund" of said school district; and that at the time said warrant was presented to defendant there were sufficient of the funds named in said warrant on hand to pay the same in full.

[1] Defendant in his answer admits the above facts, and admits that the said school board has authority to invest the bond interest and sinking fund of said school district in government bonds of the character described in plaintiff's affidavit, and admits that plaintiff is ready to and will, upon the payment of the said warrant, deliver the said Liberty Bonds to the said school board. The only reason assigned by defendant for not paying said warrant is that the said Liberty Bonds have not been and will not be delivered into the custody and possession of defendant as treasurer of said school district, it being his contention that, as such treasurer, he is the proper custodian of said bonds and the

only person who is entitled to the custody thereof; that he is responsible for the safe-keeping of said bonds; and that, in case the same should be lost to the school district through embezzlement or otherwise, he would be liable on his official bond for such loss, whether said bonds had ever been in his possession or not. This contention is not warranted by the law.

Under the provisions of section 125, c. 119, Laws of 1913, the city treasurer of the City of Sioux Falls is ex officio treasurer of the Independent school district of the city of Sioux Falls without any liabilities or obligations other than those imposed upon him as such city treasurer, except such as are impliedly imposed upon him in his capacity as treasurer of the school district. Nor is he required to give any official bond other than that furnished as city treasurer. By section 60, c. 119, Laws of 1913, the city treasurer, upon assuming that office, is required to furnish a bond "conditioned for the faithful performance of the duties of the office and the payment of all money received by such officer, according to law and such ordinance of such city." This provision of law, applied to defendant as treasurer of the school district, would require him to pay out all money belonging to the school district according to law and the resolutions of the school board; and the lawful manner, or at least one lawful manner, of paying out the money belonging to the school district, is upon warrants regularly issued for a lawful purpose by the school board.

From this it follows that, when the warrant involved in this case was presented to him for payment, it was his duty to pay it, unless there is some provision of law that requires that the bonds to be paid for with the proceeds of said warrant be deposited with him before or at the time he pays out the money.

[2] The only provision of law to which our attention has been directed relating to the custody of bonds and other securities purchased by the school board or held by the school board as security for loans is found in section 130, c. 119, Laws of 1913. Section 121 of this act authorizes the city commission to purchase certain classes of bonds, including the class of bonds involved in this case, and to use the sinking fund of the city in payment therefor. Said section also provides that such sinking fund may be loaned on any of the securities that the city is

authorized to purchase, provided such securities are deposited with the city treasurer to be held by him as collateral security for such loan. This makes a distinction between bonds that are purchased and owned by the city, and such as are held by the city as collateral security only. In case they are taken as collateral, they are to be deposited with and kept by the city treasurer. He then becomes the legal custodian thereof, and of course liable therfor on his official bond. But in case of bonds that are owned by the city no such provision is found. By the provisions of section 130 the school board is authorized to buy, or take and hold as security for loans, any of the bonds or securities that a city may take for a similar purpose and under the same restrictions, and may use its sinking fund to make such purchase or loan. In other words, money belonging to the sinking fund of the school board may be loaned on any of the securities named in section 121, but such securities must be deposited with the treasurer to be held by him as collateral security for such loan, and he would be justified in refusing to pay the money out of such sinking fund until such securities were deposited with him. But there is no such provision relative to bonds that are purchased and owned by the school district.

From the fact that the Legislature required securities that are taken as collateral only to be deposited with the treasurer, and did not require securities that were purchased and owned by the school district to be deposited with him, it may fairly be inferred that the Legislature did not intend that such securities should be deposited with the treasurer, but intended to leave the school board free to select a custodian for the latter class of securities. And, as the treasurer is not made the legal custodian of such bonds, he is not liable on his official bond for the safe-keeping thereof, and was not warranted in refusing to pay the said warrant except upon the condition that the bonds purchased with the proceeds thereof be deposited with him. When the warrant was presented to him for payment, it was his duty to pay it. The warrant, when paid, will take the place of that amount of cash in his settlement with the school board, and will relieve him from liability for the amount of cash paid out on said warrant.

[3] As it was the plain duty of the defendant to pay said

warrant on presentation, the peremptory writ will issue as prayed for; but, as defendant was acting in the interest of the public, and appears to have been acting in good faith, no costs will be allowed to the plaintiff.

McCOY, J., concurs in the result.