State ex rel. BELL, et al, Appellants, v. BOARD OF
COUNTY COMMISSIONERS OF BEADLE COUNTY, et al,
Respondents

(3 N. W.2d 114.)

(File No. 8445.   Opinion filed March 28, 1942.)

·**Max Royhl** and **George E. Longstaff,** both of Huron, for Appellants.

**H. W. Markey,** of Huron, for Respondents.

PER CURIAM. ██ By an order of this Court appellants were denied costs upon the appeal, the result of which was a reversal of the judgment of the Circuit Court. See this same title 68 S. D. 237, 300 N. W. 832. Appellants now seek to have costs taxed in their favor. It is contended that costs should follow the reversal of the judgment of the trial court as a matter of course. The proceedings were in certiorari and under the provisions of SDC 33.1801, costs may be allowed to the prevailing party. However, costs are allowed, of course, only in the cases listed in SDC 33.1803, which do not include certiorari. Certiorari is a special proceeding within the meaning of SDC 33.1813, which provides that "when allowed" costs in special proceedings shall be allowed to either party on appeal, the same as in a civil action. By the use of the term "when allowed" the legislature, in our opinion, indicated an intention to make costs in special proceedings on appeal within the discretion of the court. In the revision of the Code of 1939, a new statute was added relating to costs on appeal, SDC 33.0712. The source note of this statute states: "New statute for definite specification of costs in Supreme Court." In view of this source note, we are convinced that there was no intention on behalf of the legislature to divest this Court of the discretion with which it had been vested under the provi-

sions of SDC 33.1813 in fixing costs on appeal in special proceedings, but this new section was intended only as stated in the source note to specify the items of costs in the Supreme Court.

■ The appellants further contend that under the provision of SDC 33.1805 (See also SDC 33.0713) the court has discretion in fixing costs on appeal only when a new trial shall be ordered or when a judgment shall be affirmed in part and reversed in part. We do not so construe this section. As stated above, under the provision of SDC 33.1803, costs in certain actions as distinguished from special proceedings are allowed as a matter of course. Our construction of SDC 33.1805 is that this section applies only to actions where costs are allowed as a matter of course, in which actions, under this section, if a new trial is ordered or if a judgment shall be affirmed in part or reversed in part, nevertheless, the costs of an appeal must be in the discretion of the court.

■ Appellants cite and rely upon the case of Kirby v. Circuit Court, 10 S. D. 196, 72 N. W. 461, 462. The statute referred to in that case, § 5189, Comp. Laws, is no longer to be found among the statutes of this state. This old code provision found its way into the Code of 1903 and became § 415 of the Code of Civil Procedure. However, as indicated by the corresponding sections table found in the 1919 Code, the said § 415 was replaced in 1919 by § 2607, R. C. 1919 now included in SDC 33.1814. Under the law as it now exists it is only in cases where a party is allowed to recover costs that the clerk must tax certain costs. Under the law as it appeared at the time the Kirby case was decided it was incumbent to tax these certain costs in "all actions and special proceedings." The difference in the law as it now exists and as it existed at the time of the Kirby case is apparent and confirms our opinion that costs in special proceedings are now within the discretion of the court.

■ We are convinced that under these statutes, costs on appeal in certiorari were intended to be left in the discretion of the court. To hold a public officer, made a party

to litigation in his representative and official capacity, personally liable for costs, without a showing that he has acted in bad faith, would, in our opinion, constitute an abuse of discretion, and would be against the public interest. 14 Am. Jur. 24; Minnehaha National Bank v. Toohey, 39 S. D. 551, 165 N. W. 540. An inference that defendants acted in bad faith is not warranted by the record.

Our order will be that the motion of appellants be denied.

All the Judges concur.