## VAN ANTWERP v. DELL RAPIDS TOWNSHIP OF MINNEHAHA COUNTY.

1. The incidental powers of a corporation are such as are implied because necessary to carry out some general purpose of the corporation.
2. Such powers or means, to be so impliedly authorized, must be not only convenient, but practically indispensable.
3. The township board of supervisors has no implied power to contract for the resurvey of the section-line roads in the township, the statute having, it seems, made other adequate provision for such resurvey.
4. There being no necessity for the exercise of such powers by the township supervisors, they cannot be implied.
5. If the possession or the right to exercise any corporate power is in doubt, the doubt prevails, and the power is denied.

(Syllabus by the Court. Opinion filed Oct. 4, 1892.)·

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action for services as surveyor in surveying certain roads and highways. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Keith & Bates*, for appellant.

All section lines in this state are public highways. Sections 1189, 1191, 1263, Comp. Laws. Public officers have all the incidental powers necessary to enable them to carry into effect their express powers. Ketchum v. City, 14 N.Y. 356; State v. Council, 30 N. J. L. 365; Peterson v. Mayor, 17 N. Y. 440; Bigelow v. Perth Amboy, 25 N. J. L. 297. In this case the plaintiff was justified

20—S D

in assuming that the board were clothed with lawful power to enter into a contract with him and in relying upon their representations. Moore v. Mayor, 73 N. Y. 283; Bill v. Denver, 29 Fed. 344; Sleeper v. Bullen, 6 Kan. 183; Board v. Aspinwall, 21 How. 539; Bissell v. Jeffersonville, 24 How. 287.

The law presumes that a public officer performs all his official duties. Finch v. Barclay, 13 S. E. 566; Bank v. Dandridge, 12 Wheat. 64; Hartwell v. Root, 19 Johns. 345; Mandeville v. Reynolds 68 N. Y. 528; Mech. Pub. Of. §§ 579, 677; Lawson Pres. Ev. rule 14, p. 53; Prezinger v. Harness, 16 N. E. 495; Torr v. State, 17 N. E. 286.

A principal is liable for the acts and representations of his agent in the course of his employments. Story, Ag. § 452; Hern v. Nichols, 1 Salk. 289; Jeffrey v. Bigelow, 13 Wend. 519; Sanford v. Handy, 23 Id. 260; Davis v. Bemis, 40 N. Y. 453; Brokaw v. Railroad, 32 N. J. L. 328; Reynolds v. Witte, 36 Am. Dec. 678; Lobdell v. Baker, 1 Met. 203; Bank v. Davis, 2 Hill, 465; Bank v. Aymar, 3 Hill, 268. The public is bound by the acts and representations of a public officer within the line of his official duty. Mech. Pub. Of. § 842; People v. Stephens, 71 N. Y. 527; Gray v. Rollinsford, 58 N. Y. 253; Grimes v. Keene, 52 Id. 330; Harpswell v. Phipsburg, 29 Me. 313; Gledden v. Unity, 33 N. H. 571; Sharon v. Salesbury, 29 Conn. 113; Lasselle v. Simmons, 10 Ill. 513; O'Leary v. Board, 93 N. Y. 1; State Board v. Railway, 47 Ind. 407; National v. Chamberlain, 37 N. W. 761; Maher v. Chicago, 38 Ill. 267.

*Palmer & Rogde*, for respondent.

Until the bill was properly presented to the board the plaintiff herein had no cause of action against the township. Town of Wayne v. Caldwell, 1 S. D. 483; Dixon v. Barnes, 13 N. W. 623; Spencer v. Sully Co., 33 N. W. 97; Pierre v. Hughes, 37 N. W. 741.

Public officers possess no powers not conferred upon them by the law creating them or other statutes applicable to them. Section 716, Comp. Laws; Parson v. Goshem, 11 Pick. 396. It is incumbent upon the plaintiff to show that the board had authority under the law to make the contract and performed all the requirements of the law in making it. Starin v. Genoa, 23 N. Y. 439.

KELLAM, J. Appellant, who was plaintiff below, brought this action to recover for services performed under a contract alleged to have been made with the defendant, through its board of supervisors, by which he was to, and did, "locate and survey the roads and highways" in the defendant township. Defendant answered, denying the making of the alleged contract, and averring that the pretended survey was negligently and unskillfully made, and was of no value. Upon the trial the court directed a verdict for defendant, and plaintiff appeals from the judgment entered thereon. During the trial a number of questions arose upon the admission and rejection of evidence, in the decision of which appellant claims error. We think, however, that the ruling of the court in directing a verdict for defendant must be sustained, on the ground that the defendant township had no power to make the contract upon which plaintiff's cause of action confessedly rests. Appellant's argument is that section 1189, Comp. Laws, makes every section line a highway. Section 1264 imposes upon the township supervisors the duty of caring for and superintending such highway, and that it is a necessary and incidental power of such supervisors to ascertain, in case of doubt or dispute, by proper and adequate means, the true location of the line upon which such highway is laid. We think this argument and conclusion would be legitimate and correct but for the apparent design of the statute to lodge this power elsewhere. The incidental powers of a corporation are such as are implied because found necessary to carry out the general purpose of the corporation. The implication springs from such necessity. It rests upon the presumption that, because the exercise of such powers are so necessary in carrying into execution such general purpose, the legislature intended that they should be covered by and become a part of the general grant, as incidental or subsidiary thereto, without special mention. This principle has been so often applied in construing and measuring corporate powers, both public and private, that we need not cite authorities. The theory of this presumption is that, in authorizing the accomplishment of a general ultimate purpose, the legislature must have intended to authorize the use of the means essential and indispensable to such accomplishment. Such

means, to be so impliedly authorized, must be not only conven-
ient, but indispensable.   Cook Co. v. McCrea, 93 Ill. 236; Ottawa
v. Carey, 108 U. S. 121, 2 Sup. Ct. Rep. 361; City of Eufaula v. Mc-
Nab, 67 Ala. 588; Dill. Mun. Corp. (4th Ed.) § 89.   But this pre-
sumption is repelled in this case by the evident design of the
statute to place this power, so claimed as belonging to the town-
ship supervisors, in the hands of the county commissioners.   If the
law has made other adequate provision for resurveying these sec-
tion line roads when in doubt or dispute, then it could not be
claimed that the township supervisors possessed such power as in-
cidental or implied, because it would not then be necessary.   Said
section 1189 locates a highway in general upon every section line;
and the next section commits the power to change or vacate such
highway to the board of county commissioners.   Section 1218
authorizes such board of county commissioners to "establish
* * * highways upon section and quarter-section lines when
the initial and terminal points and the course of the highway can
be clearly described without the appointment of viewers or the
services of a surveyor."   This section plainly suggests that where
this condition of certainty does not exist,—where the initial and
terminal points and the course of the highway cannot be clearly
described,—it may be necessary for such board to employ a sur-
veyor; and this contingency is provided for by section 689, which
makes it the duty of the county surveyor to "make in a good and
professional manner all surveys of * * * public roads, when
so directed by said board, (county commissioners,) and his sur-
veys shall be held as presumptively correct."   For such services—
surveying county roads—his compensation is definitely fixed by
section 1422.   These various provisions all seem to tend toward
the conclusion that the matter of the resurvey of section-line
roads, when necessary, was, by the law as it then stood, commit-
ted to the board of county commissioners, with the expectation
that it would be done by the official surveyor of the county, and
at a compensation fixed by law.   We think it reasonably plain
that the only contingency which could have called into exercise
the claimed implied powers of the township board to make a re-
survey of the section-line road, to wit, the obliteration of the origi-

nal government marks, has been adequately provided for in the foregoing and other cognate sections, and, taken together, they indicate to us that it was then the theory and plan of the law to intrust to the board of county commissioners the power and duty of providing for definitely locating these lines, when necessary on account of doubt or dispute, and that, consequently, such power could not properly or lawfully be exercised by the township board, as an incidental or implied power, because there would exist no necessity or occasion therefor. We do not regard this question as entirely free from difficulty, but the rule is that, if the possession or right to exercise any corporate power is in doubt, the doubt prevails, and the power is denied. Minturn v. Larue, 23 How. 435; Hanger v. City of Des Moines, 52 Iowa, 193, 2 N. W. Rep. 1105; City of Corvallis v. Carlile, 10 Or. 139; Dill. Mun. Corp. (4th Ed.) § 89. It is true that the subsequent law of 1890 (chapter 35) authorizes the electors at the annual town meeting to determine whether landmarks shall be erected at section and quarter-section corners, and empowers the township board, in certain cases, to have lost or obliterated corners on the highway located by a competent surveyor; but this would indicate that, in the opinion of the legislature, the board did not possess such power before. The very evident thought of the legislature in such enactment is to thereby give a new power to the township electors at their annual town meeting, and to the board of township supervisors. For the same reason, that the township supervisors had no power to make the contract sued on, a majority of the electors could not cause or authorize the same to be made. As to either, or both, it was *ultra vires.* The judgment of the circuit court is affirmed. All the judges concurring.