VAN ANTWERP V. DELL RAPIDS TOWNSHIP OF MINNEHAHA COUNTY.

Neither the town nor the board of township supervisors, possesses the power of contracting for a resurvey of the highways of a township; and a contract so made is ultra vires, and cannot be enforced.

(Syllabus by the Court. Opinion filed June 2, 1894.)

Appeal from circuit court, Minnehaha county. Hon. ARANK R. AIKENS, Judge.

This case was first decided by this court in an opinion filed Oct. 4, 1892, reported in 3 S. D. 305, 53 N. W. 82, in which opinion the judgment of the lower court in favor of the defendant was affirmed. A rehearing was subsequently ordered and this opinion is upon that rehearing. The former decision adhered to.

*Kieth & Bates*, for appellant.
*Palmer & Rogde*, for respondent.

CORSON, P. J. This case was decided at a former term of this court, and the opinion will be found reported in 53 N. W.

82. A petition for a rehearing was granted, upon the application of appellant; and we have re-examined the question decided, viz: that neither the township nor the board of township supervisors possessed the power, as the law stood prior to 1890, to make the contract under which the plaintiff sought to recover in this action. This contract was alleged to be a contract to locate and survey the roads and highways in Dell Rapids township, for which the town, through its board, agreed to pay the plaintiff at the rate of $10 per day for making such survey. It was contended by the learned counsel for appellant, on the reargument, that this court, in its decision, relied upon certain sections of the statutes which are only applicable to counties in which there are no organized townships, and that the public highways in counties having organized townships, are governed exclusively by the law of 1883. But we cannot agree with the counsel in this contention. The appellant, in our view of the law, attaches too much importance to the changes made in the highways laws by that act. In our opinion that law did not make the radical changes contended for by counsel. Section 126 4, Comp. Laws, referred to by counsel, provides as follows: ''The supervisors in the several towns in this territory shall have the care and superintendence of roads and bridges therein, shall give directions for the repairing of the roads and bridges in their respective towns, regulate roads already laid out and alter each of them as they or a majority of them deem proper, as hereinafter provided; divide the respective towns into so many road districts as they deem convenient, * * *.'' And section 1296 provides that ''the supervisors of the town may alter or discontinue any road or lay out any new road upon the petition of not less than six voters, * * *.'' And section 1300 provides that when such new road is laid out, or any old one altered, the county board, if it deem the same necessary, may require a survey to be made. These sections, however, relate exclusively to town roads, as, by section 1320 of the same act, it is pro-

vided "that county roads shall only be established, changed or vacated by order of the county commissioners." Section 1263 provides that in certain cases therein mentioned the town board may order a survey to be made. And section 1311 authorizes the town board to lay out cartways, and to cause a survey to be made at the expense of the county. It will thus be seen that when the town board is authorized to take any action in relation to the highways requiring surveys, express authority is conferred upon the town board to cause such survey to be made; but the legislature, while conferring upon the county commissioners express authority to cause resurveys of the highways to be made (section 1321), has not conferred upon township boards any such authority. This fact is both significant and important, as showing the intention of the law-making power. But authority is conferred upon the county commissioners, by the same act, to establish, change, and vacate county roads, upon a proper petition. Comp. Laws, § 1314. And all congressional section lines are made state roads. Id. §§ 1190, 1363. And section 1320, defining county and state roads, provides as follows: "Every road located by territorial or county authority is a county road, and shall only be changed or be vacated by order of the county commissioners, as provided for in this act." And section 1321 provides as follows: "The county commissioners have general supervision of county roads, and have power to appropriate such sums * * * as they may think advisable for opening, vacating, resurveying or otherwise improving such roads." These sections are contained in the act of 1883, and from them we observe that all section line roads and roads laid out by order of the county commissioners are county roads and can only be changed or vacated by order of such commissioners, and that such roads may be resurveyed by order of the county commissioners. What roads are then left to be laid out, changed, or discontinued by the township board? Certainly, only local town roads and cartways. When these

are laid out or altered, a survey may be made, if deemed neces-
sary, by the express provisions of the statute. As the town
board cannot lay out, change, or vacate any county road, what
practical benefit can a survey of those roads be to the town-
ship, or who can be bound by such a survey? We fail to dis-
cover any useful purpose that such a survey can subserve. If
there is doubt or uncertainty as to section line or county roads,
the county commissioners, upon proper application, can order
a re-survey, and such survey becomes official, and binding upon
parties. It will be seen, therefore, that the act of 1883 has
made no essential change in the control and management of
highways, other than to require the towns to take the care and
superintendence of the same, and provide and expend the
funds necessary to keep them in repair, and in conferring upon
the town the power to lay out, alter, or discontinue local town
roads and cartways. When it is deemed expedient to lay out
or alter any of those, the town board, upon proper petition,
may lay out or alter the same, and may, in such cases, order a
survey to be made. Ample provision seems to have been ex-
pressly made for all the cases that can arise in which any duty
is imposed upon the county or township respecting the public
highways; and the statute upon careful re-examination, fails
to disclose any duty imposed upon the town, calling for the ex-
ercise of the implied power contended for. To hold, therefore,
that the majority of the voters of a town, or the township
board, may by contract impose upon the town the burden of
paying for surveying the roads and highways of the town, ex-
cept in cases expressly provided for, would be to give a strained
and forced construction to the act of 1883,—not, in our opinion,
in harmony with the legislative intent in adopting the act.

The powers of township corporations are required to be
strictly construed, under the provisions of section 712, Comp.
Laws, which provides: "No town shall possess or exercise any
corporate powers except such as are enumerated in this chapter,
or are especially given by law or necessary to the exercise of

the powers so enumerated or granted." This statute simply embodies the doctrine that has long been held by the courts. The doctrine is thus stated by Judge DILLON in his work on Municipal Corporations: "And it is a general and fundamental principle of law that all persons contracting with a municipal corporation must, at their peril, inquire into the power of the corporation or of its officers to make the contract; and a contract beyond the scope of the corporate powers is void, although it be under the seal of the corporation. This principle is more strictly applied, and properly so, than in the case of private corporations." Dill. Mun. Corp. § 447. And in Hooper v. Emery, 14 Me. 375, Mr. Justice Shipley, speaking for the court says: "The inhabitants of every town in the state are declared to be a body politic and corporate by the statute; but these corporations derive none of their power from, nor are any duties imposed upon them by, the common law. They have been denominated '*quasi* corporations,' and their whole capacities, powers, and duties are derived from legislative enactments." Cheeney v. Inhabitants of Brookfield, 60 Mo. 53; Salem Milldam v. Ropes, 6 Pick. 23; Loker v. Brookline, 13 Pick. 343; School Dist. v. Wood, 13 Mass. 193; Van Sicklen v. Burlington, 27 Vt. 70; Carlton v. Bath, 22 N. H. 559; Clark v. City of Des Moines, 19 Iowa, 199; Aldrich v. Collins (S. D.) 52 N. W. 854.

Towns being corporations possessing only limited powers, it seems to have been the policy of all the courts to give to those powers a strict construction. As we have seen, no duty is imposed upon the town, or its board of supervisors, to survey the highways therein. The contention of counsel that this court cannot say, from the record in this case, that the survey may not have been for some purpose recognized by the statute, is untenable, as neither of the surveys provided for by the statute is for highways, but for proposed townships and cart roads; and the complaint seems to have been drawn, and the case tried, argued, and submitted, upon the theory that the survey

contracted for was a resurvey of all the highways of the township, including the state and county roads. We are of the opinion, therefore, that this is the only theory upon which the case can now be considered, from the record in this case. Taking the view that neither the electors of the town, nor the township board of supervisors, possessed the power to employ the plaintiff to make the surveys for which he seeks by this action to recover payment, we must hold the contract alleged unauthorized and void. We are satisfied that the former opinion of this court laid down the law correctly, and we therefore adhere to our former opinion, and the judgment of the court below stands affirmed.