COUNTY OF BROWN, Appellant, v. SMITH, Respondent.

(210 N. W. 742.)

(File No. 6214.    Opinion filed November 20, 1926.)

**Taxation—Statute Limiting Sheriff's Salary Held Not to Affect His Right to Fees for Collecting Delinquent Personal Property Taxes (Rev. Code 1919, §§ 5966, 6778).**

Rev. Code 1919, § 5966, limiting sheriff's salary to $3,000 but specifically providing that notihng therein shall affect law in regard to collection of delinquent personal property taxes, does not affect sheriff's right under section 6778 to fees provided for collection of delinquent personal property taxes.

Note.—See Headnote, American Key-Numbered Digest, Taxation, Key-No. 549(1), 37 Cyc. 1196.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Action by the County of Brown against George W. Smith. From an order sustaining defendant's demurrer to the complaint, plaintiff appeals. Order affirmed.

*George W. Crane,* State's Attorney, of Aberdeen, *Buell F. Jones,* Attorney General, and *Benjamin D. Mintener,* Assistant Attorney General, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

GATES, P. J.    The plaintiff county sued the sheriff to recover fees for collecting delinquent personal property taxes received and retained by him in excess of $3,000. Defendant demurred to the complaint. Demurrer sustained. Plaintiff appeals.

Section 6778, Rev. Code 1919, provides for fees to the sheriff for collecting delinquent personal property taxes. Section 5966 of said Code provides for the salary of the sheriff, the making of reports to county board, etc. Among other things it says:

"In case the net amount of fees collected by the sheriff, after making the deductions and allowances hereinbefore provided, shall exceed such sum of three thousand dollars, the sheriff shall account to the county for such money and fees collected by him in excess thereof."

However, the last four lines of said section say:

"Provided, however, that nothing in this section shall be construed to affect any provisions of law in regard to the boarding of prisoners by the sheriff or in regard to the collection of delinquent personal property taxes."

It is urged by the Attorney General that this proviso relates only to the manner of accounting for fees received for collecting delinquent personal taxes and cannot be construed to mean that the sheriff is entitled to all fees for collecting delinquent personal property taxes in addition to his salary. The Attorney General is clearly mistaken.

The proviso says that nothing in this section shall be construed to affect any provision of law in regard to the collection of delinquent personal property taxes. The proviso applies to everything in the section—not merely to the method of accounting. Inasmuch as the $3,000 salary limit is contained in that section and the proviso says that such limit is not to affect the provision of law

(viz., said section 6778), in regard to the collection of delinquent personal property taxes, it is absolutely clear that the Legislature intended that fees so derived might be retained in addition to the salary.

The order appealed from is affirmed.