GRABE, et al, Appellants, v. LAMRO INDEPENDENT CONSOLIDATED SCHOOL DISTRICT, NO. 20, TRIPP COUNTY, Respondent.

(221 N. W. 697.)

(File No. 5599. Opinion filed November 9, 1928.)

580

*Garlow & Long,* of Columbus, Neb., and *Doherty & Talbott,* of Winner, for Appellants.

*P. A. Hosford,* of Winner, for Respondent.

MORIARTY, C.  This action was brought by the appellants to recover from the respondent school district a balance alleged to be due to them for services as architects.  The evidence was taken before a jury, but, after both parties had rested, each moved the court for the direction of a verdict, and the jury was excused. The court made findings and conclusions favorable to respondent's contentions and entered judgment for respondent.  From said judgment and an order denying a new trial, this appeal is taken.

The record shows that in the year 1919 the board of the respondent district was contemplating the erection of a new school-

house. On December 15, 1919, appellants submitted to said board a written proposal of the terms upon which they would render services as architects of a proposed building. At a meeting held on December 15, 1919, the board voted to accept this proposal and authorized the president and clerk to sign an acceptance thereof. Thereafter the written acceptance was signed by said officers. This agreement, in so far as it affects the issues herein, is as follows:

"Proposal.

"To the Board of Education of Lamro Independent Consolidated School District of Tripp County, South Dakota.

"Art. 1. We the undersigned propose and agree to prepare preliminary sketches including water color perspective and in other ways assist in creating public interest in the project of erecting another school building in your city. The above services to be rendered gratis in case the bond issue fails to carry and to be deemed a part of our services to be covered by the fees stipulated below in the event that the bond election shall be successful."

The proposal then goes on to provide for the preparation of ten sets of working plans and specifications according to the dictations of the board, or its building committee, and for a fee of 3 per cent on the cost of labor and materials shown and specified.

The appellants prepared the preliminary sketches and water color perspective provided for in article 1, above quoted. On March 9, 1920, the proposition of issuing bonds was submitted to the vote of the electors of the district. The board, on canvassing the results of the election, found that 173 votes were cast, of which 161 votes were for the issuance of the bonds and 12 were against the issuance, and the canvassing board declared that the proposition for the issuance of the bonds in the sum of $75,000 had been duly and legally carried. Thereafter appellants proceeded to prepare the ten sets of working plans and specifications provided for in their proposal. But when the board attempted to sell the bonds they were unable to do so, and no part of the bonds mentioned in the election of March 9, 1920, were ever issued.

It is admitted that this bond election is the one contemplated in the proposal.

Counsel in their briefs discuss several questions which we do not find it necessary to consider.

In order to recover under the contract sued upon, the plaintiffs must show that the proposition of issuing the bonds was submitted in a lawful manner to the electors of the defendant district. Plaintiffs' own evidence shows that the ballot used in the election of March 9, 1920, was in the following form:

"Shall the Board of Education of Lamro Independent Consolidated District No. 20, Tripp County, South Dakota, be authorized to issue bonds in a total amount not exceeding $75,000.00 payable in twenty years, or less, from date, and bearing a rate of interest not exceeding six per cent per annum, payable semi-annually, for the purpose of purchasing a site and erecting and equipping a new school house in and for said district."

This was followed by the usual instructions as to the proper manner of marking the ballot.

Section 7592, Revised Code of 1919, provides that whenever the electors of a common school district shall vote to issue bonds for the purpose of building and furnishing a schoolhouse, purchasing grounds on which to locate the same, or to fund an outstanding indebtedness, the school district board may lawfully issue such bonds.

But section 7602, R. C., is the only statute authorizing the issuance of bonds by districts of the class of the defendant herein. Said section 7602 provides as follows:

"Boards of education of independent school districts are authorized and empowered to issue negotiable bonds in the manner hereinafter provided for the following purposes 1. To refund bonds that may be outstanding. 2. To fund outstanding warrants. 3. To raise money for the purpose of a site or sites and the erection of suitable buildings for school purposes."

And section 7605, which provides the form for ballots to be used in voting upon the issuance of bonds in districts of this class, provides that:

"Such proposition or propositions so printed on the ballot shall be, as nearly as practicable, in the following form: * * *

"3. Shall the board of education be authorized to issue bonds in the sum of (naming it), payable in twenty years or less from date, and bearing a rate of interest not exceeding * * * per cent (naming rate) per annum, payable annually (or semiannually), for

the purpose of purchasing suitable sites and for the erection of suitable school buildings?"

It will be noted that neither section 7602 nor 7605 provides for the issuance of any bonds for equipping any schoolhouse. And we do not find any other statutory authority for issuing bonds in districts of this class except in these sections. This court has held that school districts of this state are not municipal corporations, but are of the class commonly termed quasi corporations. And it is well established that the power of such corporations are limited to those granted by statute. The only implied powers of the governing bodies of such quasi corporations are those reasonably necessary to the carrying out of the authority specifically granted. Dillon on Municipal Corporations (5th Ed.) pars. 34 and 872; 15 Am. & Eng. Enc. of Law, pp. 954 and 955; Aldrich v. Collins, 3 S. D. 154, 52 N. W. 854; Van Antwerp v. Dell Rapids Twp., 5 S. D. 447, 59 N. W. 209; Id., 3 S. D. 305, 53 N. W. 82; Hooper v. Emery, 14 Me. 375.

The statutes empowering common school districts to issue bonds to cover the costs of erecting and furnishing schoolhouses originated as early as 1907. And at the same time the statutes granted to independent school districts the power to issue bonds to provide for the purchase of schoolhouse sites and the erection of school buildings, but this latter grant of power did not include the right to bond for funds to furnish or *equip* school buildings. Through numerous amendments and revisions this distinction has been retained in our statutes, and we are satisfied that districts such as the defendant herein are not empowered by law to issue bonds to provide funds for equipping a schoolhouse.

It is also well established that the submission of a proposition to bond for a purpose for which the issuance is empowered in conjunction with a purpose for which the issuance is not authorized does not legalize the issuance of either purpose. To make the election sufficient to legalize bonds for either purpose the electors must be given an opportunity to vote upon each proposition separately.

The vice of the manner in which the proposition was submitted in the instant case is apparent when we consider that electors may have been induced to vote for the bonds on the theory that such procedure would saddle upon future tax payers the bur-

den of paying for equipment which the legislature evidently intended should be paid for out of current taxation.

This question, together with that of the submission of dual propositions, is fully discussed in the following opinions: Neacy v. City of Milwaukee, 142 Wis. 590, 126 N. W. 8; Williams v. Sawyer County, 140 Wis. 634, 123 N. W. 248; Elyria Gas & Water Co. v. Elyria, 57 Ohio St. 374, 49 N. E. 335; Farmers' L. & T. Co. v. City of Sioux Falls (C. C.) 131 F. 890; Leavenworth v. Wilson, 69 Kan. 74, 76 P. 400, 2 Ann. Cas. 367; Julson v. City of Sioux Falls, 48 S. D. 452, 205 N. W. 43; Logan v. City of Bismarck, 49 N. D. 1178, 194 N. W. 908.

■ While several of these cases deal principally with the effect of the submission of dual propositions, where both purposes were legal if separately submitted, we realize that there is a sharp conflict of authority on that question, and we do not base our decision in the instant case upon that phase of the election, but upon the submission as one proposition of the issuance of bonds for two purposes, one of which is authorized by law and the other is wholly unauthorized. And our conclusion is that the record shows that no proposition for the issuance of bonds of the defendant district was legally submitted to the electors of said district at the election of March 9, 1920.

■ Though the findings and judgment of the trial court were based upon grounds other than those above stated, a judgment which arrives at the proper result will not be reversed because the trial court assigned erroneous reasons therefor.

The judgment and order appealed from are affirmed.

BURCH, P. J., disqualified; POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.