PEARSON, et al, Respondents, v. JOHNSON, County Sheriff, et al, Appellants.

(238 N. W. 644.)

(File No. 7169. Opinion filed October 26, 1931.)

*Lucius J. Wall, Boyce, Warren & Fairbank,* and *Tom Kirby,* all of Sioux Falls, for Appellants.

*Danforth & Barron,* of Sioux Falls, for Respondents.

ROBERTS, J. This action was instituted against the commissioners, sheriff, auditor, and treasurer of Minnehaha county to enjoin them from paying the defendant George L. Fish for collecting delinquent personal taxes. The complaint, after stating the official capacities of the defendants, and that the plaintiffs are residents and taxpayers of Minnehaha county, alleges that the appointment of defendant George L. Fish, as deputy sheriff, was made pursuant to a collusive agreement of the defendants for the purpose of evading the provisions of statute relating to the payment of fees for the collection of delinquent personal taxes; that the defendant George L. Fish, under the direction and authority of the defendant John H. Johnson, as sheriff of Minnehaha county, has proceeded to collect delinquent personal taxes, commencing in the month of August, 1929, and that the defendant sheriff has received, and is receiving, the fees provided by statute for the collection of such taxes; that, in addition to the fees prescribed by statute paid to the defendant sheriff, the board of county commissioners has approved claims presented by defendant Fish for the collection of delinquent personal taxes; that the compensation allowed pursuant to the collusive agreement of the parties is 15 per cent for sums under $100 and 10 per cent for sums in excess of that amount; that a sum in excess of $5,000 has been paid to the defendant Fish under such collusive arrangement and that the defendants have refused to desist from such unlawful practice; and that the plaintiffs have no plain and adequate remedy at law, and that they, as taxpayers as well as other taxpayers, will be deprived of the moneys belonging to Minnehaha county in which they and all taxpayers have an interest.

An order to show cause why a temporary injunction should not issue restraining and enjoining the defendants during the pendency of the action from in any manner and under any scheme or guise paying to the defendant Fish any sums for services in the

collection of delinquent taxes, except such sums as are legally authorized to be paid to the sheriff, was issued by the circuit court upon the verified complaint and affidavit of the plaintiffs. Defendants, in answer to the application for a temporary injunction, stated that for a number of years the delinquent personal property taxes of Minnehaha county have remained uncollected, for the reason that the time of the county officials of Minnehaha county has been fully occupied with the performance of the duties of their offices, and that the sheriff, auditor, and treasurer of Minnehaha county for a number of years past have been unable to give any attention to the collection of delinquent personal taxes, and that delinquent personal taxes to the extent of approximately $186,000 had accumulated; that this condition existed prior to the tenures of office of the defendants; that, in order to collect such delinquent personal taxes, the board of county commissioners employed the defendant George L. Fish, and agreed to pay him a compensation based upon the amount of collections made; that, for the purpose of giving said George L. Fish authority and protection in the collection of delinquent taxes, the board of county commissioners requested the defendant sheriff to appoint George L. Fish a deputy sheriff, which appointment was made. The circuit court, after hearing, entered a temporary injunction during the pendency of the action enjoining the defendants from paying to the defendant Fish any further sums for the collection of delinquent personal taxes other than the fees expressly authorized by statute. The defendants perfected an appeal to this court from such temporary injunction.

Boards of county commissioners are vested with such powers as statutes expressly confer upon them; and such implied powers as are reasonably necessary to enable them to exercise and perform those powers and duties expressly granted to and imposed upon them.

There is no claim that, as the law then existed, there was express statutory authority for the employment of a tax collector. It is contended that the board of county commissioners under its general statutory authority to superintend the fiscal affairs of the county and secure their management in the best possible manner had authority to employ the defendant Fish to collect delinquent personal taxes. Subdivision 6, § 5878, R. C. 1919.

 Section 6778, R. C. 1919, provides for payment of fees and mileage to the sheriff for collecting delinquent taxes. Fees thus collected may be retained by the sheriff in addition to his salary. County of Brown v. Smith, 50 S. D. 541, 210 N. W. 742. Where the statute fixes the compensation of a county officer, the board of county commissioners cannot make an agreement with him allowing other or additional compensation than that designated in the statute. It is admitted that payments of fees authorized under section 6778 were made to the defendant sheriff. Clearly there existed no authority for the payment of additional fees to the defendant Fish acting as a deputy sheriff.

██ ██ If we accept the view that this is not a contract made with defendant Fish in his capacity as deputy sheriff, but with him individually, is it such a contract that the county board had authority to make? It is the duty of the several county treasurers and sheriffs to collect delinquent personal taxes. Sections 6774 to 6781, inclusive, and section 6822, R. C. 1919. As the law then existed, these sections prescribed the procedure to be followed by county officers in the collection of such taxes. They imposed the duties upon the county treasurer and sheriff which the board of county commissioners undertook to employ defendant Fish to perform. There existed no duty upon the county board in relation to the collection of delinquent taxes, and there was no authority vested in the board which it could delegate to another. The board of county commissioners was charged, as the appellants assert, with the general duty of superintending the fiscal affairs of the county, but this provision of statute did not authorize the board to employ a person to perform duties expressly imposed by statute upon the county treasurer and the sheriff. The county board had no authority, express or implied, to enter into the contract. Pierson v. Minnehaha County, 28 S. D. 534, 134 N. W. 212, 38 L. R. A. (N. S.) 261; House v. Los Angeles County, 104 Cal. 73, 37 P. 796; State ex rel. Coleman v. Board of Com'rs of Dickinson County, 77 Kan. 540, 95 P. 392, 16 L. R. A. (N. S.) 478; Whittinghill v. Board of Com'rs of Woodward County, 68 Okl. 320, 174 P. 489, 11 A. L. R. 910; Murphy v. Swanson et al., 50 N. D. 788, 198 N. W. 116, 32 A. L. R. 82.

This controversy arose prior to the enactment of chapter 108, Laws of 1931, which expressly provides that a board of county

commissioners may in its discretion employ a delinquent tax collector, and prescribes the maximum compensation to be paid, the duration of contract, and the powers and duties of such collector. Consideration, however, of the provisions of this statute are not involved in this appeal.

The temporary injunction appealed from is affirmed.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

POLLEY, P. J., absent and not participating.