LeFEVRE, et al, Respondents, v. THE BOARD OF CITY COMMISSIONERS OF THE CITY OF BROOKINGS, et al, Appellants.

(270 N. W. 654.)

(File No. 7934.   Opinion filed December 31, 1936.)

*E. A. Burke,* City Atty., and *C. O. Trygstad,* and *B. H. Schaphorst,* all of Brookings, for Appellants.

*Philo Hall,* of Brookings, for Respondents.

POLLEY, P. J. The controversy involved on this appeal grew out of an application on behalf of the plaintiffs for a writ of prohibition, prohibiting the governing body of the city of Brookings from preceding with the construction of a swimming pool in one of the parks of the city.   Brookings is a city of the second class.   The proceedings on the part of the city was instituted apparently under the authority of chapter 237, Laws 1923.   This chapter reads, in part, as follows:

"Section 1.   When, in its judgment, it shall be necessary and needed for public welfare, a Park Board created by ordinance shall have the power to petition by resolution, the auditor of the municipal corporation, under which it was created, requesting that the proposition of constructing a swimming pool or other like im-

provements in a public park be submitted to the electors at the next annual election. Such resolution shall contain a statement of the contemplated improvement, and amount of money necessary for its construction and shall be filed with the auditor of such city at least twenty (20) days preceding the annual city election. Upon the filing of such resolution, it shall be the duty of the city auditor to submit such proposition to the voters at the next annual city election on separate ballot."

The city of Brookings had a park board created by ordinance during the year 1924, which park board was in existence during all of the time covered by the proceedings set out herein. Some time prior to the 28th day of August, 1933, a petition containing the names of 1,100 residents of the city of Brookings was presented by said park board to the governing body of the city.

Pursuant to the said petition and on the 28th day of August, 1933, the said governing body adopted a resolution, which in part, is as follows:

"Therefore, be it resolved that it is necessary to construct a building or buildings and make improvements for the public parks of this city, including a swimming pool therein, and for that purpose it is necessary to borrow money on the credit of the city and to issue its negotiable bonds to an amount not exceeding $21,000. * * *"

Pursuant to such resolution, the said governing body of the city called a special election of the electors thereof, at which election the following question was submitted to the said electors to wit:

"Shall the City of Brookings, South Dakota, issue its negotiable bonds for not to exceed $21,000.00, payable $1400 per year, for not to exceed 15 years, bearing interest at not to exceed 4 per cent., payable annually, or semi-annually, for the purpose of constructing a building or buildings and making improvements for the public parks of this city, including a swimming pool?"

Such special election was held on the 12th day of September 1933, and resulted in a three-fifths majority vote in favor of the making of such improvements.

The case was tried to the court, resulting in findings of fact and conclusions of law in favor of the plaintiffs, and a decree

granting the relief prayed for by the plaintiffs, from which judgment, and from a denial of their application for new trial, defendant city officers, have appealed.

It is not necessary to determine the validity of chapter 237, Laws 1923, because conceding the same to be valid in all respects, the provisions thereof were not complied with by the defendants. In the first place, the governing body of the city had no authority for submitting the matter to the electors of the city at a special election. The law provides that the question shall be submitted to the electors at the "next annual election."

The resolution required by the statute is a resolution enacted by the park board and is addressed to the city auditor and not to the governing body of the city. It is the park board who calls the election, but it is not until there has been a three-fifths majority vote upon the making of the improvement that the governing body of the city has jurisdiction to proceed with the matter.

Under the provisions of said chapter 237, the resolution to be adopted by the park board is jurisdictional, and such resolution must be sufficiently definite to enable the electors to understand what the proposition is upon which they are voting. The proposition shall not be dual in its purpose nor in the alternative in any sense whatever. If the improvement contemplated by the resolution is to be in a city park, and there is more than one park in the city, then the resolution must specify the park in which the improvements are to be made. Otherwise the electors will not know in which park the improvement may be made and certain electors may vote in favor of the improvement because they believe it to be made in one park, while other electors might vote for it because they believe it is to be made in another park, and in this way part of the electors may be voting for one proposition while other electors will be voting upon another. The use of the word "parks" in the resolution implies that there is more than one city park. This phase of the case is considered at length by this court in Julson v. City of Sioux Falls, 48 S. D. 452, 205 N. W. 43, 46. In that case we said:

"We recognize the discretion vested in the governing body as to disposition of municipal funds within proper limits, but when the governing body finds it necessary to appeal to the voters to

increase the public debt, and authorize the issuance of municipal bonds, both good law and good faith require that they should submit to the voters without equivocation or confusion of issues the particular and specific purpose for which the bonds are desired. If the governing body wishes to bond to build a new plant, they should submit that proposition. If they wish to bond to purchase an existing plant, they should submit that proposition. If they do not know whether they wish to build or buy, they are not yet ready to ask for a bond issue, and if they continue in doubt, they can submit both propositions separately."

See, also, Grabe et al. v. Lamro Independent Consol. School District, 53 S. D. 579, 221 N. W. 697, 698, and Lang v. City of Cavalier, 59 N. D. 75, 228 N. W. 819.

While appellants do not concede that their failure to comply with the provisions of chapter 237, Laws 1923, renders their proceedings invalid, they claim that the provisions of subdivision 10, of section 6169, R. C. 1919, is sufficient to authorize them to make the improvements contemplated by the said resolution without submitting the matter to the electors of the city. Citing Bailey v. City of Topeka, 97 Kan. 327, 154 P. 1014, L. R. A. 1916D 491; State ex rel. Minner, County Atty. v. Dodge City, 123 Kan. 316, 255 P. 387.

Subdivision 10 of section 6169 reads as follows:

"To acquire by purchase or donation, or to condemn, hold and improve public parks within or without, or partly within and partly without the limits of the municipality, and to provide for the improvement, preservation, regulation and government of the same, and any such public park partly or wholly without the limits of the municipality shall, for the purposes of improvement, preservation, regulation, and government, be considered as if wholly within the limits thereof."

We find nothing in this statute that, even by implication, authorizes the bonding of a municipal corporation for the purpose of constructing a swimming pool in a public park, and the two Kansas cases above cited are not sufficiently analogous to this case to be authority on any question involved. If appellants' contentions on this question were correct, then the governing body of the city had authority to construct the swimming pool and bond the city to

pay for same prior to the enactment of chapter 237, and the enactment of such statute was a mere idle gesture on the part of the Legislature.

The judgment appealed from is affirmed.

CAMPBELL, and RUDOLPH, JJ., concur in result.
ROBERTS and WARREN, JJ., dissent.