STATE ex rel BELL, et al, Appellants, v. BD. OF COUNTY
COMMISSIONERS OF BEADLE COUNTY, et al,
Respondents

(300 N. W. 832.)

(File No. 8445.   Opinion filed November 26, 1941.)

Max Royhl and George E. Longstaff, both of Huron, for Appellants.

H. W. Markey, of Huron, for Respondents.

WARREN, J.  A writ of certiorari was directed to the County Commissioners of Beadle County, South Dakota, by the Circuit Court asking that their action in adopting a certain resolution be reviewed. The resolution reads as follows:

"Whereas, at the Fall Election Beadle County is to vote with other counties in the State on the Question of South Dakota State School Fund Amendment to the Constitution of the State of South Dakota, and

"Whereas, the failure of passage of such constitutional amendment would mean a tremendous increase in the indebtedness of Beadle County, now in excess of $500,000 and an unbearable increase in taxes to the taxpayers of Beadle County, and

"Whereas, an organization has been perfected, which is statewide, to explain said amendment, educate the public in regard thereof and to push the passage of said amendment, and

"Whereas, the amount set out in Beadle County's proportionate share of expense has been set at $200.00.

"Now, Be It Resolved, that the Commissioners of Beadle County instruct the County Auditor of Beadle County to issue a warrant in the sum of $200.00 to County of Beadle organization through its Chairman, W. S. Davis for payment to State Organization for Beadle County's proportionate share."

Upon the return day the defendants made the return setting forth the adoption of said resolution.  No evidence was taken by the court.

At the hearing it was contended that the, resolution was wholly without the jurisdiction of the Board of County Commissioners and that they were without any power to

enact or adopt it. The resolution it would seem was adopted in an attempt to obtain the enactment of an amendment of Section 11 of Article VIII of our Constitution as proposed by Chapter 232, S. D. Session Laws 1939. It was argued that whether or not the constitutional amendment should be approved and adopted by the voters of the state at the November, 1940, election was a controversial matter at best and that no statutory authority existed for the exercise of the power to enact and adopt the resolution. Further it was urged that such resolution was void and in excess of any power of county commissioners because it purported to be for services and claims against the county and could only be allowed for services that had been rendered and not services to be rendered in the future.

The court made findings of fact to the effect that the Board of County Commissioners were empowered by statute to adopt the resolution appearing earlier in this opinion. Certain findings of fact seem essential at this stage in our opinion, and we quote:

"II. That upon the 24th day of September, 1940, the Court issued a Writ of Certiorari ordering the County Auditor to certify into Court on the 8th day of October, 1940 a correct transcript of all proceedings concerning the said Resolution with the transcript of the Record, and that thereupon said County Auditor in compliance with said Order did certify into Court a correct transcript of all proceedings concerning said Resolution. That said return consisted of the Resolution showing that on September 3, 1940, the Commissioners had regularly passed said Resolution set out in Paragraph I. * * *

"IV. The Court finds that among the powers granted to the Board of County Commissioners by our Statute are 'to superintend the fiscal concerns of the county and secure their management in the best possible manner.' That Beadle County is indebted under the Permanent School Fund Law to an extent of $500,000 to $700,000. And that the Court finds the prospect of tax levies to pay the principal and annual interest of from $25,000 to $30,000.

"V. That the Board of County Commissioners provides in said Resolution for the performance of a ministerial function in W. S. Davis as agent in carrying out the provisions of the Resolution."

■■ The trial court's memoranda opinion indicates that "the one question before the Court is whether the Board of County Commissioners of Beadle County has regularly pursued the authority of such board." In passing upon this question we are challenged by the plaintiffs' contention that no statutory authority exists for the enactment of the resolution. The trial court seems to have relied upon SDC 12.0617(7) containing certain enumerated powers conferred by statute upon Board of County Commissioners as follows: "To superintend the fiscal concerns of the county and secure their management in the best possible manner". This provision simply defines in general terms the authority of the county commissioners in respect to the financial affairs of the county, and the power, either expressly granted or by implication, must be found elsewhere to support the right of county commissioners to incur specific indebtedness on behalf of the county. Certainly there is no express power to incur this indebtedness to be found in this statutory provision, neither can such power be implied therefrom. There existed no duty upon the county board in relation to the advancement of sentiment in favor of the proposed constitutional amendment and there was no authority vested in the board with reference to this proposed amendment which it could delegate to another as proposed in the resolution set out above. The power to expend county funds for this purpose seems so deep and vital to the people of this state that we do not rest this decision by a mere statutory reference to the duties of county commissioners as they are but officials to carry on transactions and business for the county and we therefore inquire into the powers conferred upon the counties. This court has in defining the powers of counties in previous decisions expressed itself as follows: "A county is an artificial being created by law, and has such powers only as are conferred upon it by statute." Pommarane v. Washabaugh County, 61 S. D. 422, 249 N. W. 734.

■■ Regardless of the benefits that might accrue to Beadle County, we do not see how courts can permit the County Commissioners under our present statutes to take and expend money from the county treasury for the purpose of assisting an organization to participate and carry on an election which might reduce the county indebtedness. The financial interests of Beadle County in this action are somewhat similar to the interests of Codington County in the case of South Dakota Employers Protective Association v. Poage, 65 S. D. 198, 272 N. W. 806, 809, in which we held that a county is vested with only such powers as are expressly conferred by statute or which may be reasonably implied from the powers expressly granted. In this last case this court examined our statutes and stated the result of the examination and the rule which we feel must apply to the interpretation of the language of the statute before us and we quote:

"* * * Examination of our statutes has failed to bring to light any express grant of power to the county from which the requisite power for which plaintiffs contend may be more readily implied, if it may be implied, than from the express powers plaintiffs point out in their petition. We therefore confine ourselves to a consideration of the extent to which power may be legitimately implied in aid of the grant of power to relieve and support the poor.

"Implied power is sired by necessity and comes from an express power. It may not exist until an express power has been created from which it may spring. It functions as an essential aid in the fulfillment of the purpose to which its parent power is directed. The strength it gains from necessity must be sufficient to withstand all attacks of doubt. Needless to say, it cannot operate in fields proscribed by organic law. McQuillin Municipal Corporations (2d Ed.) vol. 1, p. 915.

"The following apt statements by the Wisconsin court illuminate our progress towards decision:

" 'Implications of authority in bodies corporate, more especially those created for municipal purposes, should be

clear and undoubted, and the party claiming through them should be able to point them out with certainty and precision. The fact that he cannot, is conclusive that they do not exist. Mere general arguments drawn from the convenience of possessing a power under certain circumstances in case of emergency—conclusions that, if possessed, it might be beneficially exercised, are very dangerous sources of corporate authority. * * * Implications spring from the necessities of some power actually conferred, and not from notions of what would be convenient or expedient under particular circumstances.' Butler v. City of Milwaukee, 15 Wis. 493."

The Supreme Court of Michigan in a recent case of Mosier v. Cowan, 295 Mich. 27, 294 N. W. 85, passed upon a taxpayer's bill of complaint to restrain the board of auditors of a county from paying out additional money which had been appropriated by the board of supervisors for the purpose of carrying forth the preliminary survey for the re-apportionment of the State of Michigan. A resolution was adopted to appropriate from the public funds the sum of $3,000 to employ a competent person to make a survey and later join with a state-wide committee to propose and submit to the electors of the state of Michigan at the next general election a constitutional amendment. The court denied the right and held that for the purposes of the expenditures of this particular sum of money one must find the statutory power to expend the money for the particular purpose.

From the views we have expressed it naturally follows that the respondents failed in establishing any rights to disburse funds for the purposes of assisting an organization to participate, carry on and influence the electorate to vote upon the constitutional amendment mentioned in the resolution. Other questions presented become immaterial and it is not deemed necessary to encumber this opinion with a consideration of the other alleged errors as we deem what we have said is sufficient to dispose of the issues before us.

The judgment appealed from is reversed.
All the Judges concur.