2002 SD 35

**Mark JOHNSON and Monica Johnson, Plaintiffs and Appellants,**

v.

**MARION TOWNSHIP, Rudy Sturzenbecher, Bruce Haase and Greg Ludens, Defendants and Appellees.**

No. 21854.

Supreme Court of South Dakota.

Considered on Briefs Oct. 1, 2001.

Decided March 13, 2002.

Richard A. Engels of Abourezk Law Offices, Sioux Falls, South Dakota, Attorneys for plaintiffs and appellants.

Glenn L. Roth, Olivet, South Dakota, Attorney for defendants and appellees.

Jay M. Leibel of Ericsson, Ericsson and Leibel, Madison, South Dakota, Amicus Curiae South Dakota Towns and Townships.

AMUNDSON, Justice.

[¶ 1.] Mark and Monica Johnson (Johnson) requested a declaratory judgment and a permanent injunction preventing the Marion Township (Township) from requiring the removal of trees in the township road right-of-way abutting their property. The trial court denied Johnson's claim. We affirm.

## FACTS

[¶ 2.] The Township Board (Board) passed a resolution in 1993 requiring all landowners to remove objects, such as trees and rocks, from the road right-of-way. A year later, the Board gave landowners five years to complete the removal. Notice of this deadline was posted in the local newspapers.

[¶ 3.] In March of 1999, Johnson moved onto an acreage within the Township. After noticing his neighbors had been removing trees from ditches adjoining their property, Johnson asked neighbors why they were doing so. One neighbor informed Johnson of the Township resolution, so he contacted Connie Schaefer, the Township Clerk, to inquire. The clerk spoke with Johnson and then mailed a notice reminding him to remove all trees within the Township road right-of-way abutting his property by July 1, 2000.[1] Additionally, the notice said that if Johnson failed to take out any trees by the deadline, the Board was going to hire the work done and assess the cost to his landowner taxes. The notice from the Board cited SDCL chapters 31–31, entitled "Weed Removal Along Highways," and 31–32, entitled "Highway Obstructions and Defects," as authority for its action.

[¶ 4.] There are two very large, mature cottonwood trees in the right-of-way abutting Johnson's property. Johnson brought an action requesting a permanent injunction to prevent the removal of these trees and a declaratory judgment on whether SDCL 31–31–2 required removal of the trees.[2]

[¶ 5.] At trial, a Board member, Greg Ludens, testified that the Township sought removal of the trees for a variety of reasons. He argued that the trees must be removed for liability purposes. Ludens stated that liability may be imposed on the Township if people wreck their cars by running into objects if they drive off the road or for injuries caused by falling branches. Additionally, the Township argued that farm equipment could become damaged if it hit the limbs of trees while being moved down the Township road. All of these reasons were used to supplement the rationale of SDCL 31–31–2, which provides for the removal of trees and brush in order to allow the right-of-way to be mowed.

[¶ 6.] Johnson argued that the trees were sturdy and did not have a history of dropping any large branches on the road or creating any type of nuisance. Additionally, he argued that the Township never negotiated with him regarding the removal of the trees, and that he never received a hearing regarding the trees. Johnson also argued that the statutory

---

1. Later that same month the Board extended the deadline for tree-removal until the end of harvest.

2. One of the trees, referred to as the "east tree," is wholly in the Township road right-of-way. The two parties disagree as to whether the "west tree" is partially located on Johnson's property. This dispute results from the technique that each party used to measure where the right-of-way begins and ends. The Township measured the Township road right-of-way from the fence line to the north of the road to the line on the south of the road. The total distance between the fence line was 66 feet, the proper width of a road right-of-way under SDCL 31–3–1. Ludens then testified that the 33 feet appeared, by naked eye, to be about in the middle.

Mark Johnson also measured. He first measured the width of the road as 21 feet. He marked the 11–foot mark on the road, which was the center and measured 33 feet to the north. The trunk of the west tree is about one foot on Johnson's property under Mark's method. The trial court, however, determined that it did not matter whether the tree was partially or fully in the right-of-way, so long as it was in the right-of-way.

authority upon which the Township relied for its actions was created to permit mowing only, which is still possible because the trees are set back far enough to allow mowing in the ditches.

[¶ 7.] The trial court held that both the east tree and west tree are within the road right-of-way. Additionally, the court held that Marion Township could remove the trees pursuant to SDCL 31–31–2, unless the Township grants an exception to allow the trees to remain undisturbed. Therefore, Johnson's motion for a permanent injunction and declaratory judgment was denied.

[¶ 8.] Johnson appeals the following issues:

1) **Whether SDCL 31–13–2 requires the removal of all trees touching upon the right-of-way of Township roads, or only those trees that inhibit mowing the undergrowth within the right-of-way.**

2) **Whether Johnson's trees inhibit the mowing of undergrowth on the right-of-way, making them subject to removal pursuant to SDCL 31–31–2.**

3) **Whether Marion Township improperly failed to follow the procedure set forth in SDCL 31–32–16, 31–32–17 and 31–32–18, thereby denying Johnson due process.**

4) **Whether Marion Township exceeded its limited grant of statutory authority and failed to comply with the procedure by issuing a decree that requires all trees be cut down, without giving regard to whether the trees are a nuisance or inhibit mowing the right-of-way.**

5) **Whether Johnson is entitled to a permanent injunction pursuant to SDCL 21–8–14(1) and (2), barring the Marion Township from cutting down the two trees in question.**

6) **Whether Johnson is entitled to disbursements pursuant to SDCL 15–17–37 as the prevailing party.**

[¶ 9.] We find the critical issue raised for review is issue 5 regarding whether the declaratory relief and injunction should have been granted. Therefore, we address only issue 5.

### STANDARD OF REVIEW

[¶ 10.] This Court reviews findings of fact under the "clearly erroneous standard." *S.D. Bd. of Nursing v. Jones,* 1997 SD 78, ¶ 7, 566 N.W.2d 142, 145 (citing *Jasper v. Smith,* 540 N.W.2d 399, 401 (S.D.1995); *Muhlenkort v. Union County Land Trust,* 530 N.W.2d 658, 660 (S.D.1995)). Under this standard, we will not overturn the trial court's decision unless we are "firmly and definitely convinced a mistake has been made." *See id.* (quoting *Jasper,* 540 N.W.2d at 401). "Conclusions of law, on the other hand, are reviewed under a de novo standard, giving no deference to the trial court's conclusion of law." *Id.*

### DECISION

[¶ 11.] **Whether Johnson is entitled to a permanent injunction pursuant to SDCL 21–8–14(1) and (2) barring the Marion Township from cutting down the two trees in question.**

[¶ 12.] Importantly, we recently addressed the Township's obligations to upkeep township roads. In Douville v. Christensen, we held that the Legislature has required townships "act as trustees in guarding section line rights-of-way for free public access." 2002 SD 33, ¶ 12, 641 N.W.2d 651. Although the *Douville* case stated that townships do not have "a roving duty to inspect every unimproved and un-vacated section line[,]" townships, as public right-of-way trustees, must maintain

open section lines. *See id.* at ¶ 13. *See also Willoughby v. Grim,* 1998 SD 68, ¶ 8, 581 N.W.2d 165, 168 (acknowledging that a board of township supervisors have a duty to construct, repair and maintain all secondary roads in a township). We have also stated that Townships have "a duty to maintain township roads" in order to prevent accidents and ensure the safety of travelers; *Fritz v. Howard Township,* 1997 SD 122, ¶ 12, 570 N.W.2d 240, 242 (discussing Township's statutory obligation to "act promptly to prevent accidents and injuries by erecting a guard" over a road defect, like a washout). Thus, the Township certainly has authority to remove the trees in the improved right-of-way abutting Johnson's property when acting as trustee of the section line road and in performing its duty to maintain this section line in a safe condition.

[¶ 13.] Despite Johnson's contention that the Township's actions are unlawful and in excess of its grant of authority, we find ample authority to support the Township's actions. Townships are given the authority "[t]o pass bylaws or ordinances for the government of such Township and for the protection of the lives and property of its inhabitants and to enforce the same in its corporate name before any magistrate." *See* SDCL 8–2–1(4). A Township receives this authority to govern from the South Dakota Legislature. *See Van Antwerp v. Dell Rapids Township of Minnehaha County,* 59 N.W. 209, 210 (S.D.1894) (stating that Townships receive their powers and duties from legislative enactments). A "township is a political subdivision of state government and like counties and municipalities, its right to act is dependent upon a grant from the state." *Welsh v. Centerville Township,* 1999 SD 73, ¶ 10, 595 N.W.2d 622, 625 (quoting *Breckweg v. Knochenmus,* 81 S.D. 244, 252, 133 N.W.2d 860, 864 (1965)).

[¶ 14.] The above cases make it clear that an express grant of authority from the Legislature is necessary for the Township to act. *See Welsh,* 1999 SD 73, ¶ 10, 595 N.W.2d at 625–26. Additionally, we interpret the statutes created by the Legislature under their "plain, ordinary and popular meaning." *See id* at ¶ 11. The Legislature stated with no ambiguity that the Township can remove all types of objects from the right-of-way. *See* SDCL 31–31–5. Thus, when the Legislature specifically granted Townships the right to remove materials from a Township road right-of-way under chapter 31–31, it clearly gave Marion Township the right to follow that legislative directive.

[¶ 15.] Finally, despite Johnson's contention that one of the trees is not entirely within the right-of-way, the trial court held that both trees are in the right-of-way. Under our standard of review, the record supports the trial court's finding that the trees were, in fact, within the right-of-way. *See South Dakota Bd. of Nursing,* 1997 SD 78, ¶ 7, 566 N.W.2d at 145 (acknowledging that to overturn a trial court's finding of fact, the findings must be clearly erroneous). Because the trees were both within the right-of-way, the Township has the authority to remove them.

[¶ 16.] A review of the record demonstrates that Johnson is not entitled to relief on appeal because the trial court did not err by allowing the removal of trees in the Township road right-of-way. Therefore, we affirm.

[¶ 17.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, and GORS, Acting Justice, concur.